CARLSON v LAKE SUPERIOR & ISHPEMING RAILROAD
COMPANY

OPINION OF THE COURT

1. NEGLIGENCE—FEDERAL EMPLOYERS' LIABILITY ACT—CONTRIBUTORY
   NEGLIGENCE—DAMAGES.

   The contributory negligence of a plaintiff does not bar his recovery under the Federal Employers' Liability Act but it reduces the amount of damages proportionately (45 USCA 51).

2. NEGLIGENCE—RAILROADS—FEDERAL EMPLOYERS' LIABILITY ACT—
   DAMAGES—EXCESSIVE VERDICT—JUDICIAL CONSCIENCE.

   A verdict of $25,000 for damages for a back injury against an employer railroad in a suit under the Federal Employers' Liability Act will not be set aside as excessive where the plaintiff spent five days in the hospital, lost 2-1/2 months of work, and offered medical testimony that he might have medical expense in the future and would probably have pain the rest of his life; while the verdict was high it does not shock the judicial conscience and therefore should not be set aside (45 USCA 51).

DISSENT BY O'HARA, J.

3. NEGLIGENCE—FEDERAL EMPLOYERS' LIABILITY ACT—EXCESSIVE VER-
   DICT.

   *The Federal Employers' Liability Act has a built-in comparative negligence doctrine which would require a gross verdict of $100,000 to sustain a net verdict of $25,000 in favor of a plaintiff where the jury found the defendant 25 per cent negligent; this amount is unrealistic and not within the range of proof of damages as shown by 2-1/2 months loss of work, five days in the hospital, and a possibility of residual pain and*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts §§ 7, 76.
[2] 32 Am Jur 2d, Federal Employers' Liability and Compensation Acts § 11.

*there should be a reversal and remand for a new trial on the issue of damages (45 USCA 53).*

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 June 28, 1973, at Menominee. (Docket No. 15067.) Decided November 1, 1973.

Complaint by Gustaf Carlson against the Lake Superior & Ishpeming Railroad Company for damages under the Federal Employers' Liability Act. Judgment for plaintiff. Defendant appeals. Affirmed.

*Wisti & Jaaskelainen* (by *Phillip L. Kukkonen),* for plaintiff.

*Foster, Lindemer, Swift & Collins, P. C.,* for defendant.

Before: R. B. BURNS, P. J., and QUINN and O'HARA,* JJ.

R. B. BURNS, P. J. Plaintiff-employee filed suit against defendant-employer under the Federal Employers' Liability Act, 45 USCA 51.

Plaintiff alleged that he suffered a series of back injuries. Only two were permitted to go to the jury because of the statute of limitations.

In 1967 plaintiff suffered a back injury while carrying a generator with a fellow employee. The jury found the defendant not negligent as to that incident.

In 1968 the plaintiff injured his back while unloading steel and the jury found the defendant 25% negligent. They returned a verdict of $25,000 in favor of the plaintiff. Defendant moved for

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

judgment notwithstanding the verdict or a new trial. Both motions were denied by the trial judge and we affirm the decision.

The plaintiff testified in effect that he was ordered to drive a truck load of steel from the warehouse in Marquette to Eagle Mills and unload it. The truck had been loaded for him at Marquette. The pieces of steel were placed on top of wooden spacers so that a chain could be inserted underneath the steel between the steel and the bed of the truck. The truck was unloaded with the help of heavy equipment, using the chain to lift the steel from the truck. On the bottom of the truck one piece of steel did not have a spacer underneath it but was flat on the bed of the truck. The plaintiff borrowed a wrecking bar from a carpenter working nearby. He inserted the wrecking bar underneath the steel and lifted the steel high enough to put a 2 × 4 under the steel. While lifting the piece to move the 2 × 4 to the center of the steel he injured his back.

Plaintiff alleged that the defendant was negligent by not providing him with a safe place to work, by failing to provide him with proper tools, and by failing to provide him with sufficient help.

Defendant denied any negligence and asserted that the injury was caused by the plaintiff's own negligence by failing to exercise reasonable care for his own safety and by not requesting assistance.

During the course of their deliberation the jury sent a note to the trial judge, "We, the jury, find the defendant L. S. & I. Railroad 25 per cent negligent". The court wrote back, "Determine the amount of the plaintiff's damages, take 25 per cent of that amount and that will be your verdict. Then return to the court room and your foreman will

announce the verdict". The jury returned a verdict for the plaintiff in the amount of $25,000.

Defendant's first and fourth claims of error basically are the same, that defendant was not liable as a matter of law, although the fourth claim also alleged that the verdict was against the great weight of the evidence. Defendant claims that there was available assistance at the site of the injury but the plaintiff made his own decision as to the method of handling the task of unloading the truck; that the proofs do not demonstrate inadequate help or that inadequate help was the proximate cause of the injury.

True, the plaintiff had three alternatives to unload the steel:

1. Use the wrecking bar to raise the steel,

2. Lift the dump box on the truck and dump the steel on the ground,

3. Ask Mr. Swener, who was operating the unloading equipment, to help him put the chain under the bar.

"Hindsight" proves he made the wrong decision. However, plaintiff's wrong decision does not absolve defendant of its responsibilities. It does bear on the contributory negligence of the plaintiff. The jury, by finding the defendant 25% negligent, must have found the plaintiff 75% negligent. Contributory negligence on the part of the plaintiff does not bar his recovery under the Act but reduces the damages proportionately.

The defendant also claims the verdict was excessive. The testimony shows the plaintiff spent 5 days in the hospital, lost 2-1/2 months of work. The doctor testified that plaintiff might have medical expense in the future and that he would probably have pain the rest of his life. While the verdict

was a high one it does not shock the judicial conscience and, therefore, should not be set aside.

The defendant claims the trial court erred by failing to give certain instructions requested by it. We have carefully read all of the instructions given by the trial judge. The instructions, read as a whole, were fair and unbiased.

Affirmed. Costs to plaintiff.

Quinn, J., concurred.

O'Hara, J. *(dissenting)*. The Federal Employers' Liability Act[1] has a built-in comparative negligence doctrine.[2]

In order to sustain the net verdict of $25,000 the gross verdict of necessity would have to have been $100,000. This amount is simply not within the range of proof of damages. $100,000 for 2-1/2 months loss of work and five days in the hospital plus a possibility of residual pain is unrealistic even in this day of generous verdicts.

I would reverse and remand for a new trial limited to the issue of damages. I would also hold the issues of liability and the degree of contributory negligence are the law of the case and to that extent res judicata.

---

[1] 45 USCA 53.

[2] As does Wisconsin where I am also admitted to practice. In my view it is infinitely more sensible than our unrealistic total bar by contributory negligence.